# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-00289** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **VICTOR RAYNARD PATTERSON** | : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 60) filed *pro se* by defendant Victor Raynard Patterson ("Patterson") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Patterson claims his conviction was improper because he was denied effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution. Specifically, Patterson contends that trial counsel failed to move for suppression of evidence collected in the course of a search of Patterson's home, contrary to Patterson's request to file such motion. (See Doc. 60 at 2.) Patterson argues that a suppression motion would have had a reasonable chance of success because the search warrant authorizing entry into his home was not supported by probable cause. (See id. at 5.) In addition, Patterson argues that, even if the warrant was valid, the firearms and ammunition seized from his home were outside the scope of the search warrant. (See id. at 1.) Finally, Patterson requests an evidentiary hearing to present the

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

merits of his claim. (Id. at 6.) For the reasons which follow, Patterson's motion (Doc. 60) will be denied.

## I. Statement of Facts & Procedural History

In January 2006, police officers began observing Patterson's residence and noted vehicles frequently coming and going therefrom. (Doc. 62, Ex. A.) A vice officer involved in the surveillance collected trash from the residence which had been discarded at curbside. (Id.) The trash collected included marijuana residue and mail addressed to Patterson at that residence. (Id.) The plant material collected from the trash was later confirmed to be marijuana by an accredited laboratory on May 31, 2006. (Doc. 62, Ex. B.) After identifying Patterson as a resident of the home in question, the officer learned that Patterson had an extensive criminal history involving drugs. (Doc. 62, Ex. A.) Based on all of the above information, the officer applied for and obtained a warrant from a Dauphin County magistrate to search the residence in question and any persons present at the residence during the search for illegal drugs and evidence of drug use and trafficking. (Id.)

The search, executed on January 27, 2006, produced two loaded .45 caliber pistols, ammunition, and a small amount of plant material in a jar. (Id.) The plant material contained in the jar was later confirmed by an accredited laboratory on June 12, 2006 to be marijuana. (Doc. 62, Ex. C.) Patterson was indicted on August 23, 2006, on a single count of being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (See Doc. 1.) Patterson pleaded guilty to the charge,

2

(see Doc. 27), and was sentenced on August 6, 2007, to a prison term of 180 months and certain additional penalties, (see Doc. 37).

On appeal, Patterson argued that the armed career criminal statute should be read in light of a growing policy consensus—evidenced by revisions to the Federal Sentencing Guidelines—that extremely old criminal records are not reflective of an offender's likelihood to reoffend. See United States v. Patterson, 302 F. App'x 79, 81 (3d Cir. 2008). The Third Circuit Court of Appeals held that § 924(e) places no restrictions on the age of prior convictions to be considered for enhancing a defendant's sentence. Id. Consequently, the Third Circuit affirmed Patterson's conviction and sentence on December 12, 2008. Id.

Patterson initially filed a form motion (Doc. 49) on December 3, 2009 to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After electing to withdraw the form motion, (see Doc. 51), Patterson filed an amended motion and brief (Doc. 60) on March 30, 2010 which set forth the basis of his § 2255 motion. The government submitted an opposing brief (Doc. 62) on April 13, 2010, and appended the key documents which supported the search of Patterson's home and seizure of his property and which confirmed the presence of illegal drugs. The motion has now been fully briefed and is ripe for disposition.

## II.   **Discussion**

Patterson alleges he was denied effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution.[2] A claim for ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a motion, a defendant must demonstrate that "(1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient representation was prejudicial to the petitioner." Id. at 686. When evaluating whether counsel has satisfied the objective standard of reasonableness, courts must be highly deferential toward trial counsel's conduct. See id. at 694. Moreover, counsel cannot be deemed ineffective for failing to raise a meritless claim. See United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999). To satisfy the prejudice prong, a party must show that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. The district court is not required to carry out its analysis of the elements of the ineffective assistance claim in any particular order, or even to address both prongs of the inquiry if the defendant makes an insufficient showing in one. Id. at 697. With this understanding, the court will address Patterson's specific contentions as to the reasonableness of counsel's choice not to move for suppression.

---

[2] The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. AMEND. VI.

4

## A. Probable Cause Supporting Search Warrant

Patterson claims that no drugs were found in his residence, either before police obtained a search warrant or in the search carried out pursuant to the warrant. Thus, Patterson argues that the search warrant was invalid and his trial attorney, Brian W. Perry ("Perry"), severely compromised his defense by failing to move for suppression of evidence of the firearms obtained in the search. Moreover, Patterson claims he and Perry discussed the suppression motion and agreed to file it once the police laboratory confirmed that no drugs were found.

The discovery of marijuana residue in Patterson's trash contributed to the probable cause for the search of his home for evidence of narcotics trafficking. (See Doc. 62, Ex. A.) The plant matter was field tested at the time the trash was collected, (id.), and later confirmed by laboratory tests to be marijuana, (see Doc. 62, Ex. B). Patterson apparently concedes that the combination of facts alleged in the affidavit of probable cause, if true, would raise a reasonable suspicion that the residents of the home were involved in criminal drug activity. (See Doc. 60 at 5.) In the absence of any further arguments attacking the facts in the affidavit of probable cause, the court holds that the search warrant was founded upon probable cause.

Patterson also argues that the warrant was invalid because no drugs were found in the search of his residence. This assertion is both factually and legally incorrect. First, whether drugs were uncovered in the search is irrelevant, because probable cause is measured by the facts known to authorities *prior* to a search or seizure. See Henry v. United States, 361 U.S. 98, 102-4 (1959); Brown v. Texas, 443

U.S. 47, 51-52 (1979). Second, the laboratory report analyzing the plant material in a jar confirmed that marijuana was found in Patterson's home. (See Doc. 62, Ex. C.) The search warrant was supported by probable cause and, therefore, Patterson's claim is without merit. Accordingly, his claim of ineffective assistance of counsel is rejected. See Saunders, 165 F.3d at 253 (holding that counsel cannot be ineffective for failing to raise a meritless claim).

### B. Scope of Search Warrant

As an alternative ground for suppressing evidence, Patterson argues that guns and ammunition were outside the permissible scope of the search of his home. Patterson notes that the search warrant identified the object of the search as evidence of drug trafficking. Patterson again bases his argument on facts plainly contradicted by the record and a misunderstanding of the law.

First, the record clearly shows that the plant matter collected during the search was marijuana. Second, while it is true that the search warrant was based on probable cause that evidence of drug trafficking would be uncovered, it is a misstatement of the law to say that the scope of the search is limited to certain items or categories of items; rather, the scope of the search is limited as to the places and persons to be searched. See, e.g., Whren v. United States, 517 U.S. 806, 811-13 (1996). The items seized from Patterson's home were properly within the scope of the search: the warrant granted access to Patterson's home to look in those places where drugs and evidence of drug trafficking were likely to be hidden, and the firearms were found in the course of the properly circumscribed search for

evidence of drug-related crimes.  See id.  Consequently, Patterson's counsel was not ineffective for foregoing a Fourth Amendment challenge.  See Saunders, 165 F.3d at 253 (holding that counsel cannot be ineffective for failing to raise a meritless claim).

### C. Evidentiary Hearing

Patterson requests an evidentiary hearing in order to prove his claim that evidence was improperly obtained by police.  A district court is generally required to hold an evidentiary hearing unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief.  United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008).  The government has submitted documents which show conclusively that Patterson's understanding of the facts is incorrect, that law enforcement officers had probable cause to search Patterson's home, and that a motion to suppress evidence would have been little more than *pro forma*.  The court will therefore deny Patterson's request for a hearing.  See id.

## III.  Conclusion

For the foregoing reasons, Patterson's motion (Doc. 60) to vacate will be denied.  An appropriate order follows.

        S/ Christopher C. Conner  
        CHRISTOPHER C. CONNER  
        United States District Judge

Dated:      July 20, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-00289** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **VICTOR RAYNARD PATTERSON** | : | |

## **ORDER**

AND NOW, this 20th day of July, 2010, upon consideration of the motion (Doc. 60) filed by defendant Victor Raynard Patterson to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 60) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).


                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge