# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:06-CR-289** |
| : | |
| v. : | **(Chief Judge Conner)** |
| : | |
| **VICTOR REYNARD PATTERSON (1),** : | |
| : | |
| **Defendant** : | |

# ORDER

AND NOW, this 9th day of April, 2019, upon consideration of the *pro se* motion (Doc. 70) by defendant Victor Reynard Patterson ("Patterson") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, wherein Patterson seeks relief from his enhanced mandatory minimum sentence under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), based on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), and it appearing that the instant motion is a second or successive petition filed with the authorization of the Third Circuit Court of Appeals, (see Doc. 68), which determined that Patterson "has made the *prima facie* showing needed to proceed with a § 2255 motion" but "only to the extent he seeks to raise a claim based on Johnson," (id. at 2), and it further appearing that the Third Circuit's authorization "is tentative," In re Pendleton, 732 F.3d 280, 283 (3d Cir. 2013), and that we must conduct a separate gatekeeping inquiry to determine whether "the requirements for filing [a second or successive] petition have . . . in fact been met," id. (citing Goldblum v. Klem, 510 F.3d 204, 219-20 (3d Cir. 2007)); see 28 U.S.C. § 2244(b)(4), which in this context tasks us to query whether Patterson's motion "contain[s] . . . a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2), and the court noting that Johnson announced a new rule of constitutional law which the Supreme Court has made retroactive to cases on collateral review, Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016), such that Patterson's instant motion meets the gatekeeping requirements of Section 2255(h)(2), and turning to the merits of Patterson's claim, the court observing that the ACCA compels a mandatory minimum term of 15 years' imprisonment for persons convicted under 18 U.S.C. § 922(g) who have acquired three prior, adult convictions for a "violent felony" or a "serious drug offense," 18 U.S.C. § 924(e)(1); that the ACCA defines both terms; id. § 924(e)(2)(A), (B); and that "violent felony" is defined to include three categories of offenses, to wit: (1) crimes having "as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) crimes of burglary, arson, or extortion, or which involve the use of explosives; and (3) crimes which "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," id. § 924(e)(2)(B)(i)-(ii), and the court further observing that, in Johnson, the Supreme Court invalidated the third definition, commonly referred to as the "residual clause," as unconstitutionally vague, Johnson, 135 S. Ct. at 2557, but that the balance of the definition of "violent felony" remains intact, see id. at 2563, and that Johnson has no effect on the ACCA's definition of "serious drug offense," see generally Johnson, 135 S. Ct. 2551; see also 18 U.S.C. § 924(e)(2)(A), and, upon review of the record in the above-captioned action, the court finding that Patterson is not entitled to Section 2255 relief based on Johnson because his enhanced sentence under the ACCA is

2

based on his accumulation of three prior convictions for serious drug offenses, (see Doc. 44 at 4:15-18, 8:16-19), and that Patterson accordingly derives no benefit from the Supreme Court's invalidation of the residual clause of the ACCA's definition of "violent felony," and the court thus concluding that Patterson's Section 2255 motion is without merit,[1] and further concluding that a certificate of appealability shall not issue, because Patterson has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), it is hereby ORDERED that:

1. Patterson's motion (Doc. 70) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2255 Rule 11(a).

3. The Clerk of Court is directed to close the corresponding civil case number 1:17-CV-2003.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Patterson has also filed correspondence asking the court to consider the potential applicability of the Third Circuit's decision in United States v. Glass, 904 F.3d 319 (3d Cir. 2018), to his enhanced sentence under the ACCA. The court in Glass held that a conviction under 35 PA. CONS. STAT. § 780-113(a)(3) qualifies as a "controlled substance offense" for purposes of career offender designation under the United States Sentencing Guidelines. See Glass, 904 F.3d at 321-24. Patterson's argument is premised on a misreading of Glass: he avers incorrectly that the Third Circuit held that Section 780-113(a)(3) offenses are "unusable" as career offender predicates. (Doc. 82). Moreover, any claim based on Glass is beyond the scope of the second or successive Johnson motion authorized by the Third Circuit.